Robinson, J.
The only question before this court in this cause is whether the record discloses any evidence tending to substantiate the allegations that the defendants for the purpose of deceiving and defrauding plaintiff’s decedent, and inducing him to accept a less sum of money than he would have recovered on the verdict he then had, entered into a ¡conspiracy to falsely cause him to believe that his *195 counsel were acting in bad faitb and in disregard of his interests and that he would not recover more than $1,000 if he did not accept their offer of $3,500, upon which false representations plaintiff’s decedent relied and made settlement to his damage.
Since the judgment at which this court has arrived will require a retrial of this cause, the court will go no farther than to determine whether there is any evidence tending to support the allegations of the petition.
It is not contended by the defendants that there is no evidence tending to prove that Mudge made the representations to Pope, averred in the petition. It is, however, contended that there was no evidence tending to prove a conspiracy between the defendants below, and no evidence tending to prove that Pope relied upon the representations made.
Upon the subject of conspiracy the record discloses evidence tending to prove that Mudge, after an interview with Pope, in which he had made the representations averred in the petition, reported the result thereof to the attorney for the Maryland Casualty Company, and that such attorney thereupon prepared a “covenant not to sue,” an “assignment of judgment to-” and an “order of dismissal” of the action in which a verdict had been returned, upon which a judgment was thereafter entered for $25,000, and delivered them to Mudge for Pope’s signature; that the attorney for the Maryland Casualty Company within three days after the verdict had been returned against Mudge filed a motion for a new trial, and the same was pending during the period of negotiation; that the court of common pleas of Cuyahoga county has a *196 rule that a motion for a new trial will not be disposed of until a brief is filed by the party making the motion; that the attorney for the Maryland Casualty Company deferred the filing of such brief until after the signature of Pope had been secured to the papers prepared by him; that the attorney for the Maryland Casualty Company, although he had participated in the trial of the case of Pope v. Mudge, and therefore not only knew by the record who Pope’s attorneys were but also knew who they were by contact with them at the trial, did not notify them of the proposed settlement until it had been consummated; that notwithstanding the fact that the policy of the Maryland Casualty Company required it to indemnify Mudge to the extent of $5,000 for damages actually recovered, and Mudge had not responded to the verdict, and judgment had not been rendered thereon, the attorney for the Maryland Casualty Company caused the company to issue a draft to Mudge in the sum of $3,500 for the purpose of enabling Mudge to secure the signature of Pope to the instruments drawn by him, releasing the Maryland Casualty Company and Mudge from further liability; and that after Pope’s signature had been secured to the covenant not to sue, the assignment of the judgment, and the order of dismissal, the attorney of The Maryland Casualty Company sent to the attorney of Pope the following letter:
“Dear Sir: I believe that mere courtesy requires me to say to you that my client, Mr. Mudge, called on me late this afternoon with a covenant not to sue nor to execute on judgment, in the pending case of *197 Pope v. Mudge, duly signed by Mr. Pope and witnesses. Under the circumstances, I was forced to reimburse him for the amount that he had expended under the terms of the contract of insurance of the Maryland Casualty Company with him.
“Yours very truly,
“H. Frank Van Lill."
The record further discloses evidence tending to prove that subsequent thereto, at a hearing before W. H. Maurer, referee, the attorney for the Maryland Casualty Company, in the presence of Mudge, made the following statement:
“I told Mr. Mudge that I was convinced that Mr. Platter was protected by casualty insurance in the Fidelity & Casualty Company. My intention at this time is to disclose to the court that it was I who told Mr. Mudge that Mr. Platter was covered in the Fidelity & Casualty Company, for which Mr. Roberts was attorney. I told Mr. Mudge that I had learned from various parties, and in addition, by reason of my experience in matters similar to this, that I was convinced firmly and thoroughly that Mr. Roberts was deeply interested in Mr. Platter, either by way of representing him personally, or by reason of Mr. Platter having a contract of automobile insurance in the Fidelity & Casualty Company, for which company Mr. Roberts’ firm was general counsel, and for which company one of his partners was manager of the claim division.”
From all of the above this court is driven to the conclusion that it cannot be said, as a matter of law, that there was no evidence tending to show a conspiracy between the defendant, the Maryland *198 Casualty Company, through its attorney, and the defendant Mudge.
The Court of Appeals in reviewing the first trial of this cause arrived at the same conclusion.
In the second trial, which is the one under review here, the trial court directed the verdict upon the ground that Popéis own testimony, which was presented to the jury in the form of a deposition taken shortly prior to his death, disclosed that Pope did not rely upon the representations made by Mudge, and therefore was not deceived or defrauded by them. In his charge to the jury sustaining the motion and directing the verdict he quoted at considerable length from the deposition wherein Pope asserted that he did not believe the things that Mudge said about his attorney, and were there no other testimony in Pope’s deposition than that quoted the action of the trial court in directing a verdict would not be disturbed by this court.
The deposition discloses that Pope was in a weakened condition physically and mentally at the time his testimony was taken. Many of his answers were not responsive, some almost unintelligible, and others contradictory. While he did categorically deny that he believed the statements, he also undertook to describe the effect of the statement upon his mind and his resultant conduct thereafter.
In arriving, therefore, at the probable truth of the matters testified to by him, it requires the consideration of his physical and mental condition as disclosed by the deposition and other evidence, consideration of inconsistent and contradictory answers in connection with each other and other evidence, consideration of the conclusions of the wit *199 ness in connection with the facts from which such conclusions were drawn, whether such facts warrant the conclusions, whether the conduct of the witness was consistent with the conclusion he declared, if not, whether the expressed conclusion is to be believed in preference to the conduct, the succession of events, as detailed by the witness and other witnesses, in connection with the admitted fact that he had a verdict for the sum of $25,000. It requires consideration of the further facts that the Maryland Casualty Company had offered to pay him the sum of $5,000; that his attorneys had successfully represented him in the trial and that no lack of confidence in his attorneys prior to the conversation with Mudge is disclosed; and that he did sign the papers releasing his rights against the Maryland Casualty Company and against Mudge without consulting his attorneys and did accept the sum of $3,-500 from the same company which had offered him $5,000. In short, in detecting the truth of the matters testified to, it requires the exercise of the function of a trier of facts, whose privilege it is to believe testimony which he finds worthy of belief and to disbelieve testimony which he finds unworthy of belief. Such is the function of a jury.
Upon a motion for a directed verdict, it is the duty of the trial court, giving to the evidence the most favorable interpretation toward the party against whom the motion is directed, to determine whether there is any phase of the evidence which tends to support the plaintiff’s right to recover. Gibbs v. Village of Girard, 88 Ohio St., 34, 102 N. E., 299, and McMurtrie v. Wheeling Traction Co., 107 Ohio St., 107, 140 N. E., 636.
*200 Applying the rule, it cannot be said that there is no evidence or reasonable inference that may be drawn from evidence tending to support the contention that Pope relied upon the representations made to him.
For these reasons the case should have been submitted to a jury. The judgment of the Court of Appeals and the judgment of the court of common pleas will be reversed, and the cause remanded.

Judgment reversed.

Marshall, C. J., 'Wanamakek, Jones, Matthias, Day, and Allen, JJ., concur.